IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
Case No. 2:17-mc-01184-JNP

FILED
U.S. DISTRICT COURT

2017 NOV 21  P 2: 09

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

In re:

JESSICA A. JONES,

            Debtor.
_____/


KAREN E. EVANGELISTA, TRUSTEE,

            Plaintiff,

vs.

UNIVERSITY OF PHOENIX, *et al.*,

            Defendants.
_____/


## REPLY TO RESPONSE TO MOTION AND MEMORANDUM TO COMPEL TCN, INC. TO RESPOND TO SUBPOENA DUCES TECUM AND FOR ORDER TO SHOW CAUSE WHY TCN, INC. SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO PRODUCE DOCUMENTS

In Reply to TCN, Inc.'s Response, Plaintiff Karen E. Evangelista, Trustee states the following:

### Overly Broad and Unduly Burdensome

TCN, Inc. has used the standard boilerplate objections used by Defendant Optio in its objections. See Exhibit 1. Plaintiff invites the Court to compare Defendant Optio's objection dated October 9, 2017 to the October 10, 2017 dated objections by TCN, Inc. The parties had a meet and confer scheduled for October 10, 2017 at 2:00 pm local time in which Mr. Adam C.

1

Dunn refused to meet and confer. Plaintiff submits that Mr. Dunn wanted to wait until he reviewed Defendant Optio's objections. Mr. Dunn's October 18, 2017 email reads in part:

> Mr. Thomas,
>
> I am sorry about October 10th. It sounds like you did not receive my firm's phone message that day. Because you expressly told me that you needed to receive my concerns in writing before our "meet and confer", and because we were not going to be able to get you the objections with sufficient time for you to review them before the appointed time (noon my time, 2 pm your time), I had my assistant call and cancel that meeting. In the message, I believe that she asked to reschedule. I am definitely willing and will make myself available for a phone call to discuss narrowing the subpoena. I have some time available tomorrow afternoon if that would work for you. Please let me know your schedule tomorrow afternoon, or, if that does not work, a time on Monday when you could have a call.

The writer never expressly told Mr. Dunn or Ms. Susan Holecheck that he needed to receive TCN, Inc.'s concerns in writing before the scheduled "meet and confer".

During the October 31, 2017 meet and confer the writer asked what concerns did TCN, Inc. have with the subpoena. Mr. Dunn indicated his concern was producing the contracts between TCN, Inc. and Defendant Optio. The writer agreed to narrow the subpoena and not seek the contract(s) between TCN, Inc. and Defendant Optio. The writer and Mr. Dunn agreed TCN, Inc. would not produce the contract(s) and would obtain the other subpoenaed documents from his client, TCN, Inc. To date, TCN, Inc. has not produced any documents but for the one page call log.

**TCPA, FDCPA and UDAP Claims**

According to Defendant Optio, Optio does not have any of the manuals and related documents requested in Plaintiff Evangelista's subpoena. Therefore, Plaintiff subpoenaed the records from TCN, Inc. (the horse's mouth). Plaintiff needs the documents to prosecute her

TCPA, FDCPA and UDAP claims against Defendant Optio.  See Exhibit 2 the Complaint with

TCPA, FDCPA, and UDAP claims.

## Transfer of a Subpoena-related Motion

A subpoena-related motion filed in the compliance court may be transferred to the issuing

court if either:

- The person subject to the subpoena consents to the transfer.

- The court finds exceptional circumstances, which must be established by the party
  seeking transfer.

See FRCP 45(f); see also 2013 Advisory Committee Notes to FRCP 45(f).

Discovery cutoff in Case No. 17-4633 is December 18, 2017.  Mr. Dunn believes the

Utah Federal Court will not transfer the motion to compel to Michigan.  Mr. Dunn's October 18,

2017 email also reads in part:

> As I previously told you, TCN, Incorporated does not consent to have any motion related
> to the Subpoena transferred or heard in Michigan.  Further, I do not believe that the Court
> here in Utah would find any exceptional circumstances that would allow it to transfer to
> Michigan.

TCN, Inc. and Defendant Optio have colluded in an attempt to run out the clock and not provide

the subpoenaed documents.  Therefore, in the interest of justice, Plaintiff requests the Court to

either compel the production of the subpoenaed documents or in the alternative transfer the

matter to the United States Bankruptcy Court for the Eastern District of Michigan.

## Conclusion

TCN, Inc. did not file a Motion to Quash.  However, TCN, Inc. now seeks attorney fees

and prays for an order allowing them to not comply with the duly issued subpoena.  The writer

3

questions why did Mr. Dunn agree to produce documents minus the contract(s) between TCN, Inc. and Defendant Optio.

Wherefore, **Plaintiff Karen E. Evangelista, Trustee** prays the Court issue an order compelling TCN, Inc. to respond fully to the subpoena duces tecum or in the alternative transfer the matter to the United States Bankruptcy Court for the Eastern District of Michigan and issue an order to show cause why non-party TCN, Inc. should not be held in contempt of court and be required to reimburse to Plaintiff for legal expense and costs associated with the filing of the present motion.  Note, Plaintiff does not seek the written contract(s) between TCN, Inc. and Defendant Optio, which are based solely on the representation made by the writer on October 31, 2017 to Mr. Dunn during the meet and confer.

Respectfully, submitted,

/s/ Stephen A. Thomas

Dated: November 20, 2017

Stephen A. Thomas (P43260)
Attorney for Plaintiff
645 Griswold Street, Suite 1360
Detroit, Michigan 48226
Telephone:  (313) 965-2265
sthomas@313965Bank.com

## CERTIFICATE OF SERVICE

I, Stephen A. Thomas, hereby state that on November 20, 2017, I filed the foregoing document using the court's CM/ECF System, and served by U.S. First Class Mail upon the following interested parties: Adam C. Dunn, Esq., 110 West Tabernacle, P.O. Box 2318, St. George, Utah 84771-2318 and Ethan G. Ostroff, Esq., 222 Central Park Avenue, Suite 2000, Virginia Beach, Virginia 23462.

/s/ Stephen A. Thomas

4

# List of Exhibits

**Exhibit 1** - Defendant Optio objections to Subpoena Duces Tecum dated
October 9, 2017.

**Exhibit 2** - Complaint with TCPA, FDCPA, and UDAP claims.

**Exhibit 1** - Defendant Optio objections to Subpoena Duces Tecum dated
October 9, 2017.

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA A. JONES,

      Plaintiff,

vs.

THE UNIVERSITY OF PHOENIX, INC.;
OPTIO SOLUTIONS, LLC d/b/a
QUALIA COLLECTION SERVICES,

      Defendants.

Case No. 2:17-cv-10198-SFC-SDD
Hon. Sean F. Cox

## DEFENDANT OPTIO SOLUTIONS, LLC'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM TO TCN, INC.

Defendant, Optio Solutions, LLC ("Defendant" or "Optio), by counsel, submits the following objections to Plaintiff's Subpoena *Duces Tecum* to TCN, Inc. to Produce Documents, Information, or Objects.

### PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

As a threshold matter, Plaintiff lacks standing to pursue this lawsuit and likewise lacks standing to issue or engage in any discovery.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

1. Any and all software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system (including Manual Dial and TCN Predictive Dialer) or, electronic device, or non-electronic device used in any manner by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal

Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ny and all software manuals and/or instruction guides . . . used in any manner . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period to one consumer using one telephony system. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond. Furthermore, Optio objects to this request because Plaintiff has already been provided with information regarding the TCN, Inc. telephony system relevant to this case.

2. Copies of all contracts, retainers and fee agreements between Defendant Optio Solutions, LLC d/b/a Qualia Collection Services and the TCN, Inc.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "all contracts, retainers and fee agreements" far exceed the subject matter of this lawsuit which is just phone calls over a one month period. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court.

2

Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

7.      All invoices over the past four (4) years for telephony equipment or software, including but not limited to automatic telephone dialing systems as it relates to Defendant Optio Solutions, LLC d/b/a Qualia Collection Services.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll invoices over the past four (4) years for telephony equipment or software . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period to one consumer using one telephony system. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond. Furthermore, Optio objects to this request because Plaintiff has already been provided with information regarding the TCN, Inc. telephony system relevant to this case.

9.      All contracts, agreements, manuals, and communications with Defendant Optio Solutions, LLC d/b/a Qualia Collection Services concerning Defendant's telephony systems and dialing telephone calls over the past four (4) years.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "all contracts, agreements, manuals, and communications . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period to one consumer using one telephony system. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

11.    All reports of calls made for Defendant Optio Solutions, LLC d/b/a Qualia Collection Services from a period of four years before the date of this request to the present.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll reports of calls made . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period to one consumer. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in

4

Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

12.     All reports of calls received by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services from a period of four years before the date of this request to the present.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll reports of calls received . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period involving one consumer. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

20.     Any prerecorded voice files and/or pre-recorded messages provided by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services from a period of four years before the date of this request to the present.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome,

5

irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because [a]ny prerecorded voice files and/or pre-recorded messages provided . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

29.     All documents related to any of YOUR products and services used by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services, from a period of four years before the date of this request to the present.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll documents related to any of YOUR products and services used by . . ." far exceed the subject matter of this lawsuit which just involves one TCN, Inc. product that Optio already provided Plaintiff information about. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless,

6

we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

31.     Copies of all contracts between YOU and Defendant Optio Solutions, LLC d/b/a Qualia Collection Services, its client and/or the original creditor The University of Phoenix, Inc.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because contracts between TCN, Inc. and Optio or The University of Phoenix far exceed the subject matter of this lawsuit which is just phone calls over a one month period. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

46.     All of YOUR invoices over the past five years sent to Defendant Optio Solutions, LLC d/b/a Qualia Collection Services for telephony equipment, software, or services of whatever kind, including but not limited to automatic telephone dialing systems.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome,

7

irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll of YOUR invoices over the past five years sent to . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period involving one telephony system. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

48.     All of YOUR sales literature for telephony equipment, software, or services of whatever kind, used by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services over the past five years, including but not limited to automatic dialing systems.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because "[a]ll of YOUR sales literature for telephony equipment, software, or services of whatever kind . . ." far exceed the subject matter of this lawsuit which is just phone calls over a one month period involving one telephony system that Optio already provided Plaintiff information about. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to

8

Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

51.     All of YOUR contracts, agreements, manuals, and communications with Defendant Optio Solutions, LLC d/b/a Qualia Collection Services concerning YOUR telephony systems and dialing telephone calls over the past five years.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal Rule of Civil Procedure 26(b)(1). Also, this request is overly broad, unduly burdensome, irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because this request far exceeds the subject matter of this lawsuit which is just phone calls over a one month period involving one telephony system. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.

63.     All of YOUR DOCUMENTS relating to the maintenance by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

**OBJECTION:** This request seeks information that is either not relevant to any party's claim or defense and/or not proportional to the needs of the case, in contravention of Federal

9

Rule of Civil Procedure 26(b)(1). Also, this request is (overly broad, unduly burdensome,) irrelevant, compound, vague, ambiguous, and/or otherwise unclear, in particular because this request far exceeds the subject matter of this lawsuit which is just phone calls over a one month period. Optio also objects to the extent this request seeks information already provided to Plaintiff by Optio. Optio also objects to the extent this request seeks confidential and proprietary business information. A protective order has been entered in the District Court (ECF 28); however, the matter was subsequently referred to this Bankruptcy Court. Optio maintains that the protective order previously entered remains in effect in Bankruptcy Court. Nonetheless, we have reached out to Plaintiff's counsel regarding Plaintiff's position and whether a new protective order should be entered, but Plaintiff has refused to respond.


Dated: October 9, 2017                    TROUTMAN SANDERS LLP


                                          By: */s/ Ethan G. Ostroff*
                                              Ethan G. Ostroff

                                              *Attorney for Defendant*
                                              *Optio Solutions, LLC*

10

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA A. JONES,

          Plaintiff,

vs.

THE UNIVERSITY OF PHOENIX, INC.;
OPTIO SOLUTIONS, LLC D/B/A
QUALIA COLLECTION SERVICES,

          Defendants.

Case No. 2:17-cv-10198-SFC-SDD
Hon. Sean F. Cox

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2017, I served the foregoing *Defendant Optio Solutions, LLC's Objections to Plaintiff's Subpoena Duces Tecum to TCN, Inc.* via electronic mail and U.S. Mail, postage prepaid, upon the following:

**Counsel for Plaintiff**
Stephen A. Thomas
645 Griswold St., Suite 1360
Detroit, Michigan 48226
(313) 965-2265
sthomas@313965bank.com

Dated: October 9, 2017

*/s/ Ethan G. Ostroff*
Ethan G. Ostroff

11

**Exhibit 2** - Complaint with TCPA, FDCPA, and UDAP claims.

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION
### Case No. 2:17-cv-10198-SFC-SDD

Karen E. Evangelista, Trustee,

              Plaintiff,

-vs.                                      Hon. Sean F. Cox

The University of Phoenix, Inc.;
Optio Solutions, LLC d/b/a
Qualia Collection Services,

              Defendants.

_____/

### SECOND AMENDED COMPLAINT & JURY DEMAND

Plaintiff Karen E. Evangelista, Bankruptcy Trustee by and through Counsel Stephen A.

Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

### INTRODUCTION

1.    Plaintiff Evangelista is suing because Defendant Optio Solutions, LLC d/b/a Qualia

Collection Services (Optio), as a debt collector, harassed her Debtor Jessica A. Jones for

months with collection robo-calls on behalf of Defendant The University of Phoenix, Inc.

(University of Phoenix) to her private cellular telephone number 313-xxx-9787, which

Debtor never consented to receiving robo-calls.

2.    Defendant Optio persistently utilized a robo caller to call Debtor Jones' cellular

telephone, violating Debtor Jones' privacy rights afforded under federal law.

3.    The United States Supreme Court has recognized a citizen's home as "the last citadel of

the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and

1

has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1334, 15 U.S.C. § 1692k(d), Title 11 and 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5.  This action arises out of Defendant Optio's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of both Defendants violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, out of both Defendants violation of the Bankruptcy Code § 362 Automatic Stay and out of the invasions of Debtor's personal privacy by both Defendants and their agents in their illegal efforts to collect a consumer debt.

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions occurred here, Debtor resides here, and all Defendants transact business here as part of their continuing education and debt collection activities within the State of Michigan, Oakland County.

7.  Venue is proper in the Eastern District of Michigan.

## PARTIES

8.  Plaintiff Karen E. Evangelista is the Trustee in Bankruptcy case -- In Re Jessica A. Jones No. 16-44072-tjt Eastern District of Michigan, Southern Division (Detroit). Plaintiff Karen E. Evangelista is the trustee and Jessica A. Jones is the Debtor and is a natural

person who resides in the City of Oak Park, County of Oakland, State of Michigan and is a "consumer" as the term is defined by as that term is defined by 15 U.S.C. § 1692a(3).

9.  Defendant Optio Solutions, LLC d/b/a Qualia Collection Services (Optio) is a Delaware corporation with minimum contacts in the State of Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant University of Phoenix is an institution of higher education with minimum contacts in the State of Michigan. Defendant University of Phoenix is an original creditor, who provides higher education within the State of Michigan.

### GENERAL ALLEGATIONS

11. That Defendant University of Phoenix attempted to collect an alleged debt for tuition.

12. Defendant University of Phoenix hired Defendant Optio to collect debts allegedly due to it.

13. The acts of Defendant Optio relating to Debtor were conducted on behalf of Defendant University of Phoenix, and with the consent, approval, and/or ratification of Defendant University of Phoenix.

14.  Plaintiff alleges that at all times herein mentioned, Defendant Optio was, and is now, the servant, employee, and/or other representative of Defendant University of Phoenix, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of the other Defendants. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

15. Within one year immediately preceding the filing of this complaint, Defendants attempted to collect from Debtor a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted tuition bill after Debtor filed her Chapter 7 bankruptcy case.

16. Within four years immediately preceding the filing of this complaint, Defendants and the collectors employed by Defendants, and on behalf of Defendant University of Phoenix, repeatedly and willfully placed calls into Michigan to Debtor's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act ("TCPA")*

17. At all times relevant to this complaint, Debtor was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

18. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

19. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. **Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the**

4

> **responsibility for any violation of the Commission's rules.** Calls placed by a
> third party collector on behalf of that creditor are treated as if the creditor itself
> placed the call. *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23
> FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Bold underline added.
> Footnotes omitted)

20. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be

    challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d

    443 (7th Cir. Ill. 2010). This Court has ruled that because of the Seventh Circuit's ruling

    in *CE Design,* it "borders on frivolous" to attempt to challenge this FCC Order in a

    District Court. *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-929

    (W.D. Wis. 2013)(vacated after settlement).

21. That Debtor Jones was a student at Defendant University of Phoenix's institution

    between 2010 and 2013 prior to obtaining cellular telephone number 313-xxx-9787.

22. That on May 19, 2015 Debtor Jones acquired her number 313-xxx-9787, which is a

    cellular telephone number with the service provider of T-Mobile.

23. That number 313-xxx-9787 is a cellular telephone number and has always been a cellular

    telephone number.

24. That in January 2016 Debtor Jones began receiving pre-recorded and/or synthesized

    voice messages daily on her cellular telephone number 313-xxx-9787 from Defendants.

    Plaintiff Jones knew that she was receiving robo calls due to the having to say "hello,

    hello, hello" several times and no one would say anything. After several seconds, an

    agent would come on the line.

25. That Debtor Jones at no time gave consent to being called on her private cellular

    telephone number 313-xxx-9787.

26. Debtor Jones filed for Chapter 7 bankruptcy March 18, 2016 and properly listed The University of Phoenix and Qualia Collection Services on both Schedule F and the Matrix in her bankruptcy filing.

27. Debtor Jones received a Chapter 7 Bankruptcy discharge on June 29, 2016.

28. Debtor Jones was contacted by Defendants through numerous Robo-Calls to her private cellular telephone number 313-xxx-9787 before and after she received her bankruptcy discharge.

29. That Debtor Jones never listed cellular telephone number 313-xxx-9787 on any applications and/or forms with Defendant University of Phoenix.

30. That Debtor Jones never had cellular telephone number 313-xxx-9787 during the time she was a student with Defendant University of Phoenix.

31. At all times relevant to this complaint, Debtor Jones was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

32. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

33. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned Plaintiff Jones' cellular telephones on numerous occasions in violation of the TCPA.

34. Without Debtor Jones' prior express consent, Defendants and its collectors and agents repeatedly used an automatic telephone dialing system to call Debtor Jones' cellular telephone in an attempt to collect this alleged debt which is not owed.

6

35.   All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendants never obtained Debtor Jones' prior express consent, and had no basis to believe that they had Debtor Jones' prior express consent to robo call her for a tuition debt.

36.   Debtor Jones has never given her cellular telephone number to Defendant University of Phoenix or its agents.

37.   Defendants' repeated autodialed collection calls to Debtor Jones' cellular telephones, within the last four years prior to filing this complaint, were illegal attempts to collect an alleged debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

38.   Defendant Optio's repeated autodialed collection calls to Debtor's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect an alleged debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

### *Summary*

39.   All of the above-described collection communications made to Debtor by Defendants and other collection employees employed by Defendant Optio were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

40.   Defendants' actions as described herein left Plaintiff feeling helpless and victimized as she was unable to stop the persistent and intrusive telephoning by these Defendants.

41.   Defendants' persistent autodialed calls eliminated Plaintiff's right to be left alone.

42.  Defendants' persistent autodialed collection calls eliminated the peace and solitude that Plaintiff would have otherwise had.

43.  Defendants' actions constituted unauthorized use of, and interference with, Debtor's cellular telephone service associated with her private cell phone number for which Debtor paid money.

44.  Debtor was charged money for each call that Defendant made to Debtor's cellular phones.

## TRIAL BY JURY

45.  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT. (as to Defendant Optio only)

46.  Plaintiff incorporates the preceding allegations by reference.

47.  At all relevant times Defendant Optio, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

48.  Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

49.  Defendant Optio is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

50.  Defendant Optio's foregoing acts as described more fully herein of illegally attempting to collect this alleged debt violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

8

51.     Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE. (as to Defendant Optio only)

52.     Plaintiff incorporates the preceding allegations by reference.

53.     Defendant Optio is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

54.     Debtor is a "debtor" as that term is defined in M.C.L. § 339.901(f).

55.     Defendant Optio's foregoing acts in attempting to collect this alleged debt violated M.C.L. § 339.915.

56.     Debtor has suffered damages as a result of these violations of the Michigan Occupational Code.

57.     These violations of the Michigan Occupational Code by Defendant Optio were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT. (as to Defendant University of Phoenix only)

58.     Plaintiff incorporates the preceding allegations by reference.

59.     Defendant University of Phoenix has engaged in violations of the Michigan Collection Practices Act ("MCPA"), et seq. including, but not limited to M.C.L. §445.251 (n) and (q).

60.     Defendant University of Phoenix is a "regulated person" as those terms are defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

61.     Debtor Jones is a "consumer" as that term is defined at M.C.L. § 445.251.

62. Defendant University of Phoenix's foregoing acts in attempting to collect this alleged debt violated M.C.L. § 445.252.

63. Debtor Jones has suffered damages as a result of these violations of the MCPA.

64. These violations of the MCPA by Defendant University of Phoenix were willful.

### COUNT IV - VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT. 47 U.S.C. § 227 et seq. (against both Defendants)

65. Plaintiff incorporates the preceding allegations by reference.

66. Within the four year period immediately preceding this action, Defendant University of Phoenix made numerous calls to Debtor Jones' cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

67. The acts and/or omissions of Defendant University of Phoenix at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

68. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant University of Phoenix at all times material and relevant hereto, as described in this Complaint, caused Plaintiff Jones to sustain damages.

69. Defendant University of Phoenix did not have the necessary prior express consent of Debtor Jones to use an automatic telephone dialing system to call Debtor Jones' cellular telephone.

70. Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Debtor Jones.

10

71. Defendant University of Phoenix willfully and knowingly violated the TCPA, and as such, Plaintiff is entitled to $1,500.00 per telephone call made to Debtor Jones pursuant to the 47 U.S.C. Section 227(b)(3).

72. Plaintiff is entitled to injunctive relief prohibiting Defendant University of Phoenix from contacting Debtor Jones on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT V - VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY. (against both Defendants)

73. Plaintiff incorporates the preceding allegations by reference.

74. The actions of the Defendants in causing the improper demands for payment from the Debtor, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

75. As a result of the above violations of 11 U.S.C. Section 362, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT VI – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION. (against both Defendants)

76. Plaintiff incorporates the preceding allegations by reference.

77. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

78. The State of Michigan further recognizes the Debtor's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

11

79.    Defendant intentionally intruded upon Debtor's right to privacy by continually harassing Debtor with an excessive amount of calls to her cell phone.

80.    The telephone calls made by Defendant to Debtor were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff" and "a substantial burden to their existence", thus satisfying the Restatement of Torts, Second, §652(b) requirement for an invasion of privacy.

81.    The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

82.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

83.    All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages.

### TRIAL BY JURY

84.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against Defendants:

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq. AGAINST DEFENDANT OPTIO

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Stellar and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Stellar and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Stellar and for Plaintiff.

## COUNT II. VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AGAINST DEFENDANT OPTIO

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Michigan Occupational Code.

## COUNT III. VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT AGAINST DEFENDANT UNIVERSITY OF PHOENIX

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Michigan Collection Practices Act.

## COUNT IV. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et seq. AGAINST BOTH DEFENDANTS

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting Debtor on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT V. VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY 11 U.S.C. 362(a)(3). AGAINST BOTH DEFENDANTS

- for an award of actual damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the U.S. Bankruptcy Code.

## COUNT VI. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AGAINST BOTH DEFENDANTS

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

Respectfully submitted,

Date: August 10, 2017

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff
645 Griswold St., Suite 1360
Detroit, Michigan 48226
313-965-2265
sthomas@313965bank.com

Certificate of Service

I, Stephen A. Thomas, hereby state that on August 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

Dated: August 10, 2017

/s/ Stephen A. Thomas
STEPHEN A. THOMAS P43260
Attorney for Plaintiff