# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAREN E. EVANGELISTA, TRUSTEE, <br><br> Plaintiff, <br> v. <br><br> UNIVERSITY OF PHOENIX, et al., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL <br><br> Case No. 2:17-mc-1184 JNP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Pending before the court is Plaintiff Trustee's Motion to Compel. Plaintiff seeks an order compelling non-party TCN. Inc. to produce documents in response to its Subpoena. Plaintiff further requests that TCN be held in contempt for the failure to produce documents. Having considered the Subpoena, the parties' memoranda and the Federal Rules, the court finds the requests overbroad, not "proportional to the needs of the case…."[1] and in violation of Rule 45 Rather than quashing the Subpoena entirely, however, the court under Rule 45 will allow Plaintiff an opportunity to modify them. Therefore the motion will be denied, Plaintiff will be ordered to significantly narrow the scope of the Subpoena and the parties will be ordered to meet and confer regarding the newly drafted Subpoena.

Non-party TCN is a software service company that provides its customers with "outbound messaging solutions."[2] In the underlying action Defendant Optio Solutions used the services of TCN to place collection calls to bankruptcy debtor Jessica Jones. Plaintiff seeks evidence from TCN in support of claims made against Optio. The Subpoena makes 64

---

[1] Fed. R. Civ. P. 26(b) (2017).

[2] Response p. 2, docket no. 2.

numbered requests of TCN for information.  Some examples of these requests include the

following:

> Any and all software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system (including Manual Dial and TCN Predictive Dialer) or, electronic device, or non-electronic device used in any manner by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services.

> Copies of all contracts, retainers and fee agreements between Defendant Optio Solutions, LLC d/b/a Qualia Collection Services and the TCN, Inc.

> All invoices over the past four (4) years for telephony equipment or software, including but not limited to automatic telephone dialing systems as it relates to Defendant Optio Solutions, LLC d/b/a Qualia Collection Services.

> All sales literature for telephony equipment or software used by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services over the past four (4) years, including but not limited to automatic dialing systems.

> All reports of calls made for Defendant Optio Solutions, LLC d/b/a Qualia Collection Services from a period of four years before the date of this request to the present.

> Any prerecorded voice files and/or pre-recorded messages provided by Defendant Optio Solutions, LLC d/b/a Qualia Collection Services from a period of four years before the date of this request to the present.

> All of YOUR invoices over the past five years sent to Defendant Optio Solutions, LLC d/b/a Qualia Collection Services for telephony equipment, software, or services of whatever kind, including but not limited to automatic telephone dialing systems.

> All of YOUR contracts, agreements, manuals, and communications with THIRD PARTY concerning YOUR telephony systems and dialing telephone calls over the past five years.

> All of YOUR DOCUMENTS relating to any judicial or administrative proceeding (irrespective of date) in which YOU were accused of violating the Telephone Consumer Protection Act, where the accusation concerns telephone calls to wireless phones.

> All of YOUR DOCUMENTS relating to any judicial or administrative proceeding

(irrespective of date) in which YOU were accused of violating any state statute regulating the use of automated telephone dialing systems, where the accusation concerns telephone calls to wireless phones.

All of YOUR DOCUMENTS (irrespective of date) that discuss YOUR compliance or lack of compliance with the Telephone Consumer Protection Act.

All of YOUR insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.[3]

TCN asserts these requests are overbroad and unduly burdensome. Additionally, TCN argues the requests are in violation of Federal Rule 45(d)(1). Rule 45(d)(1) provides in relevant part: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[4] The court agrees with TCN's arguments.

Many requests in the subpoena seek all documents, all contracts, all sales literature and all manuals for a period of four or five years. Others seek information "irrespective of date." In contrast, the subject matter of the underlying suit against Optio concerns "a one month period to one customer ...."[5] Thus, the subpoena is exceptionally broad and as written the requests are in violation of Rule 45(d)(1). In fact their overbreadth is very close to crossing the line where the court would impose sanctions against Plaintiff's counsel. In addition, it is hard for the court to discern why the insurance policies "that could possibly afford coverage with respect to the matters complained of in this case"[6] are relevant.

"When a court is confronted with a motion to quash such a subpoena, its duty is not to deny any discovery, but to reduce the demand to what is reasonable, considering the discoverer's

---

[3] Subpoena requests p. 3-9, docket no. 1-1.

[4] Fed. R. Civ. P. 45(d)(1).

[5] Response exhibit 2 p. 2, docket no. 2-2.

[6] *Id.*

needs and the discoveree's problems."[7]  "The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances."[8]  Therefore, a subpoena need not be quashed only because it is overbroad.[9]  Rather, to properly analyze a motion to quash, a balancing test is employed, "weighing the burdensomeness to the moving party against the deponent's need for, and the relevance of, the information being sought."[10]  When a person moves to quash a subpoena, it is the movant's burden to show that it subjects the movant to undue burden.[11]  "[T]he movant's burden is greater . . . than if she were seeking more limited protection."[12]

Here, the plain language of the requests supports TCN's position that they are overbroad. Thus, TCN has met its burden.  As currently drafted the requests nearly qualify for the extraordinary measure of quashing them in their entirety.[13]  However, during prior conversations about the Subpoena between TCN and Plaintiff, TCN represents that "Counsel for Plaintiff said he did not need all information sought in the Subpoena."  Thus, the court will afford Plaintiff an opportunity to redraft the requests including limiting the scope of them to a 90-day period—one month before the calls and one month after.  Once Plaintiff narrows the scope, and removes the Subpoena request that are at best questionable as to relevance, the parties are to meet and confer to try to resolve any further disputes.

Accordingly, Plaintiff's Motion to Compel is DENIED.  Plaintiff is ORDERED to redraft the Subpoena requests within ten (10) days from the date of this order.  The court is mindful of the

---

[7] *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560 (7th Cir. 1984).

[8] Flanagan v. Wyndham Int'l, Inc., 231 F.R.D. 98, 102 (D.D.C. Oct. 5, 2005) (citing other cases for same proposition).

[9] Rule 45(d)(3) requires the quashing of a subpoena in certain circumstances but it also allows modification of a subpoena in addition to

[10] *Flanagan*, 231 F.R.D. at 102.

[11] *Id.*

[12] *Id.*

[13] *See id.*

reasonable justification on the record under the Federal Rules to impose sanctions against Plaintiff's counsel for the overbroad requests but will abstain from doing so at this time.

The parties are FURTHER ORDERED to meet and confer regarding the new Subpoena requests within fourteen (14) days for the redrafting.

IT IS SO ORDERED.


DATED this 7 December 2017.

Brooke C. Wells
United States Magistrate Judge